Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell,
Keenan, JJ., and Poff, Senior Justice

BOGLE DEVELOPMENT COMPANY, INC., ET AL.

v.    Record No. 950065    OPINION BY JUSTICE ELIZABETH B. LACY
                                    November 3, 1995
ROY BUIE

                FROM THE COURT OF APPEALS OF VIRGINIA


        William Roy Buie suffered a work-related injury in 1988.

The Workers' Compensation Commission (Commission) determined

that his injury was compensable, and that his statutory

employer, Bogle Development Company, Inc., and its workers'

compensation carrier, Rockwood Insurance Company (collectively

"Bogle"), were liable for Buie's lost wages and medical

expenses.[1]

        In 1991, Bogle refused to pay some of Buie's claims for

reimbursement of medical expenses, asserting they were

unauthorized expenses.  On March 9, 1992, the Commission

entered an order holding that the disputed medical treatment

was justified and that "the defendants are responsible for

payment of the treatment."  Based on this order, Buie submitted

a claim for reimbursement of medical expense payments which he

and his insurance carrier, Blue Cross/Blue Shield of Tennessee

(Blue Cross/Blue Shield) had made.  In response to his request

for payment, Bogle informed Buie that Guaranty Fund Management

Services (the Fund) had taken over the handling of the claim[2]

---

[1]Buie's employer, R.G. Excavating, had allowed its workers'
compensation insurance to lapse.

[2]In August of 1991, Rockwood Insurance Company became
insolvent and, pursuant to Code §§ 38.2-1600 through -1623, the
Guaranty Fund Management Services assumed responsibility for

and had agreed to reimburse Buie for his "out-of-pocket expenditures" upon receipt of satisfactory documentation, but refused to reimburse Blue Cross/Blue Shield, asserting that it "does not reimburse third-party providers under any circumstances."

Buie again sought an order from the Commission requiring the Fund to pay his reimbursement claims. The chief deputy commissioner refused Buie's request, stating that the Commission did not have jurisdiction to decide the dispute because it "involves interpreting Code Sections 38.2-1600 et seq." and because "the rights of the claimant are not at stake and therefore the litigants must resort to the common-law remedies." Following Buie's request for review, the Commission reversed the decision of the chief deputy commissioner and determined that it had jurisdiction to enforce its awards and "to order reimbursement of those payments both to Blue Cross and to the claimant." The Commission remanded the matter for a hearing. On January 21, 1993, the day after the Commission issued its opinion, the Fund paid Buie $1,897.35 as reimbursement of his out-of-pocket medical expenses.

On remand, the deputy commissioner held that the Fund was also required to reimburse Blue Cross/Blue Shield. This determination was affirmed by the full Commission in an opinion issued November 5, 1993. The Court of Appeals affirmed the payment of Rockwood's obligations.

decision of the Commission.  Bogle Dev. Co. v. Buie, 19 Va. App. 370, 451 S.E.2d 682 (1994).  Bogle and the Fund filed a petition for appeal in this Court.  Finding that the petition presented matters of siginficant precedential value, we awarded Bogle and the Fund an appeal.  Code § 17-116.07(B).

Bogle and the Fund raise five assignments of error.  Under our analysis, however, the dispositive issue in this appeal is whether the Commission's jurisdiction over this controversy ceased when the Fund reimbursed Buie for his out-of-pocket medical expenses.  Bogle and the Fund assert that the Court of Appeals erred in holding that the Commission had subject matter jurisdiction to consider Buie's request for reimbursement of Blue Cross/Blue Shield because, after the Fund paid Buie for his out-of-pocket payments for his medical expenses, no issues regarding the claimant Buie remained before the Commission. Thus, they conclude, the judgment of the Court of Appeals affirming the Commission's order that the Fund reimburse Blue Cross/Blue Shield must be vacated.  We agree and, for the reasons stated below, will reverse the judgment of the Court of Appeals.

Code § 65.2-700 vests the Commission with jurisdiction to determine all questions "arising under" the Virginia Workers' Compensation Act.  This grant of subject matter jurisdiction includes the authority of the Commission to enforce its orders and to resolve coverage and payment disputes.  The jurisdiction

is not unlimited, however.  As the Court of Appeals correctly stated in <u>Hartford Fire Ins. Co. v. Tucker</u>, 3 Va. App. 116, 121, 348 S.E.2d 416, 419 (1986):

> Questions between the insurer and the employer or another insurer do not "arise under" the Act except insofar as they affect the rights of an injured employee.  Code § 65.1-92.  When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies . . .

Applying this analysis to the facts here, we conclude that once Buie was reimbursed for his out-of-pocket expenses, no right of the claimant was "at stake."  The only remaining issue involved the reimbursement claims of Blue Cross/Blue Shield.

Buie was reimbursed on January 21, 1993.  After that date, the Commission did not have subject matter jurisdiction to consider Blue Cross/Blue Shield's claims for reimbursement or to enter its November 5, 1993 order requiring the Fund to reimburse Blue Cross/Blue Shield.

Buie maintains, however, that the jurisdictional issue cannot be considered here.  Buie argues that the Fund's appeal is actually an untimely collateral attack on the March 1992 order of the Commission holding that "the defendants are responsible for payment for the treatment rendered."  Buie maintains that prior to entry of the 1992 order, the Fund knew that Blue Cross/Blue Shield had paid portions of the bills for the contested medical treatment and, therefore, could have asserted its position regarding reimbursement of Blue

Cross/Blue Shield at that time.  The Fund failed to raise the issue or to appeal the decision of the Commission.  Thus, Buie maintains, this appeal is no more than a collateral attack on that final, binding decision.

Buie's argument overlooks the nature of the 1992 proceedings before the Commission.  The issue in that proceeding was whether Buie had a right to coverage for certain medical expenses challenged by Bogle.  A right of the claimant was at stake in that proceeding.  Consequently there was clearly no basis for the Fund to question the jurisdiction of the Commission.  The failure to appeal the 1992 order only precluded the Fund from challenging the claimant's right to coverage for the contested medical treatment.  Accordingly, the jurisdictional issue which arose later and is now asserted by the Fund is not an untimely collateral attack on a final decision of the Commission.

For the above reasons, we conclude that the Court of Appeals erred in determining that the Commission had jurisdiction to consider whether Blue Cross/Blue Shield was entitled to reimbursement from the Fund when no right of the claimant remained in issue. Accordingly, we will reverse the decision of the Court of Appeals affirming the November 5, 1993 order of the Commission, and dismiss the petition.

<u>Reversed and dismissed.</u>