COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

OVERHEAD DOOR COMPANY OF NORFOLK
and
HARTFORD FIRE INSURANCE COMPANY                    OPINION BY
                                          JUDGE JOSEPH E. BAKER
v.         Record No. 1524-95-1              APRIL 9, 1996

DANIEL LEE LEWIS

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Matthew J. Ide (Mary Louise Kramer; Cecil H.
               Creasey, Jr.; Sands, Anderson, Marks &
               Miller, on briefs), for appellants.

               William L. Perkins, III (Price, Perkins &
               Larkin, on brief), for appellee.


     In this appeal from a decision of the Workers' Compensation
Commission (commission), the dominant question presented by
Overhead Door Company of Norfolk and Hartford Fire Insurance
Company (jointly referred to herein as employer) is that assuming
the attorney employed by Daniel Lee Lewis (claimant) negligently
caused claimant's third-party action to be dismissed with
prejudice to employer's subrogation rights, does that result
constitute a bar to claimant's right to compensation benefits for
injuries claimant received in the same accident.

     On February 6, 1990, claimant sustained injuries in an
automobile accident near Kill Devil Hills, North Carolina.  The
injuries arose in the course of and within the scope of
claimant's employment.  Claimant filed a claim for workers'
compensation benefits.

On December 12, 1990, the commission awarded claimant wage compensation benefits in the amount of $223.52 per week. Following the entry of that award, claimant employed an attorney (Riggins) to pursue a common law personal injury action against Michael L. Kenney and his employer, Carpet Transport, Incorporated (third parties), who claimant alleged caused the accident. In a timely fashion, Riggins filed suit against the third parties in Dare County, North Carolina. Employer was aware that this suit had been filed against the third parties and advised Riggins orally and in writing that they relied upon Riggins to protect their right of subrogation.

Because Riggins failed to comply with North Carolina's Rules of Civil Procedure, claimant's suit was dismissed with prejudice by the North Carolina court before it could be heard on its merits. Employer asserts that Riggins' failure to comply with procedure impaired its right to recover against the third parties, and that because claimant had employed Riggins, an agency was created whereby Riggins' omission constituted an omission of claimant. Therefore, employer contends that as a matter of law, claimant impaired its right of subrogation against the third parties.

Based upon that premise, employer filed an application for hearing with the commission, asking that claimant's benefits be terminated. Employer's application was summarily dismissed by a claims examiner, and the full commission, upon review, upheld the

examiner's rejection of employer's application.

Upon the facts presented in this appeal, for the reasons stated herein, we affirm the decision of the commission.

Employer relies upon the provisions of Code §§ 65.2-309 and 65.2-812 and several cases decided under those sections. Without those statutory provisions, neither employer nor its insurance company would have any right of action against a third party or the right to share in the proceeds of any recovery claimant might obtain. Therefore, if employer has any right of subrogation, it must be expressed in the Code. See Noblin v. Randolph Corp., 180 Va. 345, 358, 23 S.E.2d 209, 214 (1942).

> In relevant part, Code § 65.2-309(A) provides:
> A claim against an employer under this title for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party.

Code § 65.2-812 merely gives these rights to the insurance carrier that pays or is liable to pay the workers' compensation claim. Nothing in those statutes prohibits one who claims compensation benefits from pursuing his or her common law right to sue the third party who caused the injury.

In the exercise of its right to pursue a third-party claim, the employee must not prejudice the employer's right of

subrogation given by Code §§ 65.2-309 and 65.2-812. The penalty for impairing the employer's right may be loss of the employee's right to compensation benefits. But, where impairment is claimed, to successfully be relieved of its liability to pay compensation benefits, the burden is upon the employer to show that the employee prejudiced the employer's right. In the absence of Code §§ 65.2-309 and 65.2-812, the employer would have no common law right to be subrogated to any extent in the employee's claim against a third party. The employer's rights are limited to those given by the Virginia Workers' Compensation Act (Act). If the agency principles espoused by employer here are not expressed in the Act, they are not relevant to the issue we must decide.

We have reviewed the Act and find no statute that authorizes the commission to terminate an employee's benefits when the omissions of his or her attorney in the course of a third-party action resulted in the loss of an employer's subrogation rights. Mere proof of unauthorized acts or omissions on the part of an attorney relied upon by both the employee and the employer to protect their respective rights cannot be charged against either and will not support the employer's request to be relieved of paying further compensation benefits.

It is apparent that both employer and claimant equally elected to rely upon Riggins to protect their interests, and individually, neither did any act to impair the rights of the

- 4 -

other. Because employer has not demonstrated that the Act requires that the acts or omissions of claimant's third-party attorney will be deemed acts or omissions of claimant, and because employer clearly relied upon claimant's attorney to protect its subrogation rights, we hold that employer is not entitled to the relief requested in its application for a hearing.

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>