COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


COMBUSTION ENGINEERING, INC.
AND
TRANSPORTATION INSURANCE COMPANY

v.   Record No. 2327-95-3                    OPINION BY
                                     JUDGE SAM W. COLEMAN III
  ERNEST R. LAFON, JR.                      APRIL 9, 1996
AND
CENTER FOR REHABILITATIVE MEDICINE


                         FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Richard A. Hobson, on brief), for appellants.

          (J. D. Morefield; Ginger Jonas Largen; Morefield,
          Kendrick, Hess & Largen, on brief), for appellee
          Ernest R. Lafon, Jr.

          (Clifford L. Harrison; Stone, Harrison, Turk &
          Showalter, on brief), for appellee Center for
          Rehabilitative Medicine.



     Combustion Engineering, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in (1) exercising its jurisdiction

over an application filed by the Center for Rehabilitative

Medicine ("the Center"), and (2) finding that the three-year

statute of limitations contained in Code § 8.01-246 did not bar

the commission from considering the Center's application.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

## Background

On October 23, 1987, Ernest R. Lafon, Jr. sustained a compensable injury to his thumb while operating a grinder for employer.  On March 29, 1990, pursuant to a memorandum of agreement, the commission entered an award in Lafon's favor, providing for compensation at the rate of $344 per week during incapacity and payment of medical benefits.  On August 31, 1993, the commission approved a settlement entered into by the parties.  Pursuant to the approved settlement, Lafon received a lump sum payment and payment of causally related medical treatment provided from the date of his accident through the date of entry of the order approving the settlement.  Lafon also received medical benefits for one year following entry of the settlement order.

On November 18, 1994, the Center filed an application requesting that the commission order employer to pay $11,085.14 in medical expenses incurred by Lafon from August 22, 1991 through September 6, 1991 for causally related inpatient medical treatment rendered at the Center.  On April 18, 1995, Lafon's counsel filed an affidavit signed by Lafon, requesting that the commission make him a party to the proceedings.

## I.  Jurisdiction

"All questions arising under [the Workers' Compensation Act ("the Act")] . . . shall be determined by the Commission . . . ."  Code § 65.2-700.  "This grant of subject matter jurisdiction

includes the authority of the commission to enforce its orders and to resolve coverage and payment disputes." Bogle Development Co. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995). Code § 65.2-714(A) provides the commission exclusive jurisdiction over all disputes concerning payment of the fees or charges of physicians and hospitals. Moreover, an employer has a statutory duty to provide an employee with free medical care related to a compensable injury. Code § 65.2-603(A).

The commission found that it had subject matter jurisdiction because the Center's application concerned employer's duty to pay medical expenses related to Lafon's compensable injury. Employer argues that the commission's decision is contrary to the Supreme Court's decision in Bogle. We disagree.

In Bogle, the Supreme Court ruled that the commission did not have jurisdiction to consider the reimbursement claim of a private health insurance carrier after the employer had reimbursed the employee for his out-of-pocket payment for his medical expenses. Bogle, 250 Va. at 434, 463 S.E.2d at 468-69. The Court ruled that the commission lacked jurisdiction to consider a claim by the employee's insurer against the employer for reimbursement of the insurer's expenses because "no right of the [employee] was 'at stake.'" Id. Once the employer reimbursed the employee, the litigants were left to common law remedies in resolving the issue whether the employer had to reimburse the employee's private health insurance carrier. Id.

In this case, unlike Bogle, the employee's rights were at stake.  If Lafon's reasonable and necessary medical bills were not paid by the employer, he would be personally liable for them.  Lafon had the right, pursuant to the Act, the commission's award, and the settlement order, to have his causally related medical expenses paid by employer.  Lafon joined the Center's application as a party and sought to require employer to abide by its duty to pay his causally related medical expenses.  Moreover, employer does not challenge the commission's ruling that the medical expenses incurred by Lafon at the Center were necessary, reasonable, and causally related to his compensable injury by accident.

The commission did not have before it a request for reimbursement by a private health insurance company.  Rather, the commission had before it a dispute among a medical care provider, an employee, and an employer concerning whether the employer was responsible for payment of Lafon's medical expenses.  Such a dispute falls squarely within the commission's sole jurisdiction provided for under the Act.  Code § 65.2-714.  Accordingly, the commission did not err in exercising jurisdiction over the Center's application.

## II.  Code § 8.01-246

Employer also argues that the three-year statute of limitations contained in Code § 8.01-246, which applies to common law actions founded upon express or implied unwritten contracts,

4

barred the commission from considering the Center's application for payment of medical expenses. The commission found that Code § 8.01-246 did not apply because the Center and Lafon sought payment of medical expenses incurred for treatment rendered pursuant to the commission's March 19, 1990 award.

We agree with the commission that the application was grounded in the commission's award. The dispute did not involve a common law action founded upon an express or implied unwritten contract. The dispute concerned an employer's duty to pay causally related medical benefits awarded to Lafon by the commission. Under these circumstances, the commission correctly ruled that the three-year statute of limitations contained in Code § 8.01-246 did not apply to bar the Center's application.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

5