COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


HENRY'S WRECKER SERVICE COMPANY AND
 MICHIGAN MUTUAL INSURANCE COMPANY
                                        OPINION BY
v.    Record No. 0847-00-4          JUDGE RICHARD S. BRAY
                                         MAY 1, 2001
WAYNE DAVIS SMOOT, SR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy III (Cecil H. Creasey, Jr.;
            Sands, Anderson, Marks & Miller, on briefs),
            for appellants.

            Christopher P. Schewe for appellee.


    Henry's Wrecker Service Company (employer) and Michigan

Mutual Insurance Company, employer's workers' compensation

insurance carrier (collectively employer), appeal the decision

of the Workers' Compensation Commission (commission) declining

jurisdiction "to order . . . Wayne D. Smoot [(claimant)] or his

counsel to reimburse [employer's] lien" on certain monies paid

claimant in settlement of a third-party tort action.  Finding

the Workers' Compensation Act (Act) does not invest the

commission with jurisdiction to afford employer the requested

relief, we affirm the disputed order.

                              I.

    The substantive facts and procedural history are not in

dispute.  On March 6, 1995, claimant was injured in an

automobile accident, and employer accepted the resulting claim as compensable under the Act. Accordingly, the commission awarded claimant temporary total disability of $280.73 per week, together with related medical benefits, pursuant to a memorandum of agreement executed by the parties.

In addition to relief under the Act, claimant pursued a third-party tort claim, retaining counsel in both Virginia and Maryland and filing suit in the United States District Court for the Southern District of Maryland. Once aware of the pending tort action, employer advised claimant's counsel of "the workers' compensation claim and [employer's] statutory assignment and subrogation interest in the third-party recovery." Employer, however, did not intervene in the Maryland proceedings and continued to provide compensation benefits to claimant pursuant to the award.

The parties stipulated that, "[o]n or about June 22, 1998, . . . claimant . . . voluntarily settled his third-party action . . . for the sum of $500,000," received a net recovery of $336,672.49, released the alleged tort-feasors from further liability, and dismissed the civil suit, "with prejudice," all without notice to or approval of employer. Learning of the settlement, employer terminated benefits to claimant on September 20, 1998, after paying a total of $162,587.57 in wage and medical benefits. Employer thereafter filed an "Application for Hearing" with the commission, seeking

-

"Termination/Suspension of the outstanding award," a related "credit" and an "order to claimant or claimant's counsel to pay statutory subrogation interest to carrier." By agreement, the parties submitted the issues to the commission upon a written stipulation, several affidavits and related documentation and memoranda of counsel.

On November 10, 1999, Deputy Commissioner Colville granted employer's application to terminate the award, effective September 20, 1998. The deputy, however, determined "the [c]ommission [did] not have jurisdiction to order the claimant to reimburse the carrier for the disability and medical benefits paid through September 20, 1998." On appeal by employer, the full commission affirmed both termination of claimant's "right to future benefits under the Act," as a result of "his acceptance of the settlement without the consent of the workers' compensation carrier," and the related finding that the commission lacked "authority to order the repayment requested by [employer]."

Employer appeals to this Court, contending the "commission has jurisdiction to decide issues arising under the [Act]," including "jurisdiction to adjudicate matters concerning liens as they affect the claimant's rights." Claimant counters that, "since . . . [his] . . . compensation . . . award has been terminated" and "benefits past, present or future" are no longer in issue, "the rights of the claimant" contemplated by the Act

-

"are not at stake" and employer has received "the sole remedy" available from the commission.

## II.

"We construe the evidence in the light most favorable to the party prevailing below," claimant in this instance. Tomlin v. Vance Int'l, Inc., 22 Va. App. 448, 452, 470 S.E.2d 599, 601 (1996). "The commission's factual findings will not be disturbed on appeal if supported by credible evidence." Id. Similarly, "'[t]he construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given great weight by the court.'" Lynch v. Lee, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994) (citation omitted). However, we are not bound by legal determinations made by the commission, and, therefore, "'must inquire to determine if the correct legal conclusion has been reached.'" Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 529, 495 S.E.2d 540, 543 (1998) (citation omitted).

The provisions of Code §§ 65.2-309 and -310 of the Act underpin employer's claim to reimbursement from claimant and the attendant assertion that the commission has jurisdiction to grant the requested relief. Absent such "statutory provisions, neither employer nor [its] carrier would have any right of action against a third party or the right to share in the proceeds of any recovery claimant might obtain." Overhead Door

-

Co. of Norfolk v. Lewis, 22 Va. App. 240, 243, 468 S.E.2d 700, 701 (1996).

Code § 65.2-309 provides, in pertinent part, that

> [a] claim against an employer under [the Act] for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee . . . may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee, . . . the legal liability of such other party.

Code § 65.2-309(A); see also Code § 65.2-812.[1] Should "such employer" elect to pursue the "legal liability" of another, "[a]ny amount collected . . . in excess of the amount paid by employer or for which he is liable [under the Act] shall be held by employer for the benefit of the injured employee, . . . less a proportionate share . . . for reasonable expenses and attorney's fees . . . ." Code § 65.2-309(B). However, "[n]o compromise settlement shall be made by the employer in the exercise of such right to subrogation without the approval of

_____

[1] When any employer is insured against liability for compensation with an insurance carrier, and such carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer and may enforce any such rights in its own name or in the name of the injured employee . . . .

Code § 65.2-812.

-

the [c]ommission and the injured employee . . . ."  Code

§ 65.2-309(C).

In addition to the protection assured employer by Code

§ 65.2-309, Code § 65.2-310 provides, inter alia, that

> [i]n any action by an employee . . . against
> any person other than the employer, the
> court shall, on petition or motion of the
> employer at any time prior to verdict,
> ascertain the amount of compensation paid
> and expenses . . . incurred by the employer
> under the provisions of this title and
> deduct therefrom a proportionate share of
> such amounts as are paid by [employee] for
> reasonable expenses and attorney's fees as
> provided in § 65.2-311; and, in event of
> judgment against such person other than the
> employer, the court shall in its order
> require that the judgment debtor pay such
> compensation and expenses of the employer,
> less said share of expenses and attorney's
> fees, so ascertained by the court out of the
> amount of the judgment, . . . and the
> balance, if any, to [employee].

Code § 65.2-310.[2]  Accordingly, an employer may safeguard a

statutory claim for benefits paid or anticipated under the Act

by "petition[ing] the court for a lien against the third-party

judgment in the amount of compensation and other benefits

employer has paid."  Overhead Door, 29 Va. App. at 58, 509

S.E.2d at 537.

It is well established that the Act also "permits an

injured employee the right to recover from a negligent third

---

[2] Code §§ 65.2-311 and -313 provide for the allocation
between employer and employee of reasonable costs and fees
incurred incident to a third-party recovery.

-

party full damages for injuries inflicted on him by such party." Sheris v. Sheris, 212 Va. 825, 834, 188 S.E.2d 367, 373 (1972). While Code § 65.2-309(C) expressly precludes settlement of a third-party claim by an employer absent approval of both the commission and the employee, "[a]n employee . . . is not expressly prohibited from initiating and settling [such] claim without the consent of employer and its insurer." Safety-Kleen Corp. v. Van Hoy, 225 Va. 64, 70, 300 S.E.2d 750, 754 (1983). However, a third-party settlement by an employee, undertaken without the "knowledge and consent of employer and its insurer," wrongfully "impair[s]" the rights of subrogation provided employer by the Act and, therefore, the employee "'forfeits any right to future compensation.'" Id. (citation omitted); Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412, 364 S.E.2d 4, 6 (1988).

In Safety-Kleen, the employee, Van Hoy, like claimant, also successfully pursued a third-party action for injuries then subject of an award by the commission, and unilaterally released the tort-feasor. Upon learning of the settlement, INA, the carrier for employer Safety-Kleen, terminated benefits and applied for a hearing before the commission "on a change in condition." Safety-Kleen, 225 Va. at 66-67, 300 S.E.2d at 751. In response, Van Hoy filed a motion to reinstate the award. The commission "allowed INA credit for the net amount of the settlement by [suspending] payments under the award . . . until

-

further payments that may be due thereunder exceed[ed]" the net settlement. Id. However, the Supreme Court of Virginia reversed, reasoning that Van Hoy's conduct sufficiently prejudiced INA to justify termination of benefits. The Court recognized "Van Hoy might thereby enjoy in part of a double recovery, . . . retain[ing] the payments already made by INA in addition to . . . the third-party settlement," but "express[ed] no opinion upon this aspect of the case, for we are granting the relief which Safety-Kleen and INA have sought." Id. at 71, 300 S.E.2d at 754.

Here, employer specifically requested the commission to award the additional relief presaged by the Court in Safety-Kleen, reimbursement from the employee, a remedy neither expressly set forth in the Act nor heretofore judicially sanctioned. Asserting the interests in such recovery created by the Act and the commission's "jurisdiction to determine all questions arising under 'the [Act]'" recognized in Bogle Dev. Co., Inc. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995) rev'g 19 Va. App. 370, 451 S.E.2d 682 (1994), employer invokes the "implied power" of the commission "to do full and complete justice" between employer and employee. Harris v. Diamond Constr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946). The commission, however, guided by a prior opinion, Sicilia v. Inner View, Ltd., 1999 WL 1442124 at **2 (VWC File No. 175-51-95 (Dec. 2, 1999)), declined to act, noting that "nothing in the Code

-

. . . provides [it] with the authority to order the repayment requested."

In Sicilia, the commission confronted a fact pattern substantially similar to the instant record, an employer seeking both termination of benefits and reimbursement from an employee's ex parte settlement of a third-party claim. Rejecting the employer's request, the commission concluded "that [it] does not have jurisdiction to compel disbursements of proceeds of recovery from a third-party action. This question must be addressed to a court of law . . . ." We agree.

As employer correctly reminds us, Buie construed "Code § 65.2-700[3] [to] vest[] the [c]ommission with jurisdiction to determine all questions 'arising under' the . . . Act. This grant of subject matter jurisdiction includes the authority . . . to enforce its orders and to resolve coverage and payment disputes." Buie, 250 Va. at 434, 463 S.E.2d at 468. However, Buie also instructed that, "jurisdiction is not unlimited . . . ." Id.

> Generally, the [c]ommission's jurisdiction is limited to those issues which are directly or necessarily related to the right of an employee to compensation for a work-related injury. In many states, including Virginia, when the rights of the employee in a pending claim are not at stake, the commissions disavow jurisdiction

---

[3] "All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Code § 65.2-700.

-

and send the parties to the courts for
relief.[4]

<u>Hartford Fire Ins. Co. v. Tucker</u>, 3 Va. App. 116, 120, 348

S.E.2d 416, 419 (1986); <u>see also</u> <u>Buie</u>, 250 Va. at 434, 463

S.E.2d at 468 ("when the rights of the claimant are not at

stake, the Act clearly leaves the litigants to their common law

remedies").

Thus, the commission is empowered to decide matters between

the employer and employee affecting <u>compensation rights</u> and

directly related interests of the employee that spring from the

Act.  Here, however, neither a compensation right in claimant

nor a reimbursement right in employer, which arises from the

Act, is at issue.  Claimant's benefits have been properly paid

and terminated, without objection, and any unresolved residual

rights of employer against him are not specifically embraced by

the Act.

Employer mistakenly relies upon the "implied power" of the

commission to do "full and complete justice" by ordering

reimbursement, at once avoiding double recovery by claimant and

safeguarding employer's interests.  While the commission is

---

[4] The "application of particular phases of . . . [workers'
compensation] law in the different states depends upon the
peculiar wording of the pertinent statutes."  <u>Feitig v.</u>
<u>Chalkley</u>, 185 Va. 96, 98, 38 S.E.2d 73, 74 (1946).  In contrast
to the Virginia Act, workers' compensation statutes of several
states specifically recognize a right of <u>reimbursement</u> in
employers from employees for a statutory share of third-party
recoveries.  <u>See, e.g.</u>, 820 Ill. Comp. Stat. 305/5(b); Indiana
Code § 22-3-2-13; Maine Statutes § 827; N.C. General Statutes

-

implicitly empowered "to protect itself and its awards from fraud, imposition or mistake," such circumstances are neither present nor alleged on the instant record.  <u>Harris</u>, 184 Va. at 720, 36 S.E.2d at 577; <u>Collins v. Dep't of Alcoholic Beverage Control</u>, 21 Va. App. 671, 680-81, 467 S.E.2d 279, 283, <u>aff'd en banc</u>, 22 Va. App. 625, 474 S.E.2d 287 (1996).  "We are unaware of any Virginia appellate cases applying [this] doctrine . . . to permit the commission to exercise jurisdiction or . . . grant . . . relief never authorized by the Act, and we are unwilling to give the doctrine such an interpretation under the facts of this case."  <u>Overhead Door</u>, 29 Va. App. at 61, 509 S.E.2d at 539.

Accordingly, the commission correctly determined that the requested order of reimbursement was beyond its jurisdiction, express or implied, and employer must look to the judiciary for relief.[5]

<u>Affirmed.</u>

---

§ 97-10.2; N.M. Stat. Ann. § 52-5-17; R.I. Gen. Laws § 28-35-58.

[5] During pendency of the instant proceedings, employer instituted a civil action against claimant in the United States District Court for the Eastern District of Virginia, also seeking recovery of the subject benefits.  In overruling claimant's motion to dismiss, Judge Gerald Bruce Lee, in a well-reasoned opinion, recognized "[t]he subrogation right set forth in the [Act] does not give [employer] . . . the right to reimbursement from [claimant]" but "the overreaching policy . . . of law against an injured employee being twice compensated for the same injury" justifies judicial relief.  <u>Michigan Mut. Ins. Co. v. Smoot</u>, 129 F. Supp. 2d 912, 916, 918 (E.D. Va. 2000).  Such litigation, therefore, was permitted to move forward in the district court.

-