COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


SMART DOCUMENT SOLUTIONS, LLC

v.       Record No. 2656-05-4

VIRGINIA FARM BUREAU FIRE
  AND CASUALTY INSURANCE COMPANY          MEMORANDUM OPINION[*] BY
                                          JUDGE RUDOLPH BUMGARDNER, III
VIRGINIA FARM BUREAU FIRE                          JULY 11, 2006
  AND CASUALTY INSURANCE COMPANY

v.       Record No. 2714-05-4

SMART DOCUMENT SOLUTIONS, LLC


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Jerry W. Boykin (Womble Carlyle Sandridge & Rice, PLLC, on
> briefs), for Smart Document Solutions, LLC.
>
> Charles F. Midkiff (Angela C. Fleming; Midkiff, Muncie & Ross,
> P.C., on briefs), for Virginia Farm Bureau Fire and Casualty
> Company.


These appeals arise from an opinion of the Workers' Compensation Commission that

attempted to establish a schedule of approved charges for producing copies of medical

documents related to workers' compensation claims.  We hold the commission did not have

jurisdiction to issue the opinion because it did not relate to a workers' compensation claim.

Accordingly, we reverse the decision and dismiss the appeals because it did not relate to a

pending case arising under the Workers' Compensation Act.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Smart Document Solutions, LLC, is a third-party vendor that furnishes document copying services to various Carillon hospitals. When a worker, employer, or insurance carrier requests medical records from one of those hospitals, Smart Solutions obtains the records from the hospital, makes copies, and delivers them to the requesting party. Smart Solutions and Virginia Farm Bureau Insurance Services disagreed about the charges Smart Solutions could impose for providing copies requested from Carillon hospitals.

On June 28, 2002, Smart Solutions wrote the commission and requested an opinion "on whether our charges are appropriate." On October 11, 2002, the commission responded in an e-mail memorandum that it had voted to adopt the fees set in Code § 8.01-413 as the approved charges for producing copies of medical records.[1] The commission clarified that decision in a letter December 20, 2002 and stated the resolution only applied to "litigation document production."

---

[1] Code § 8.01-413(B) provides in part:

> Except as provided in subsection G, a reasonable charge may be made by the hospital, nursing facility, physician or other health care provider maintaining the records for the cost of the services relating to the maintenance, retrieval, review, and preparation of the copies of the records. Except for copies of X-ray photographs, however, such charges shall not exceed $0.50 per page for up to 50 pages and $0.25 a page thereafter for copies from paper or other hard copy generated from computerized or other electronic storage, or other photographic, mechanical, electronic, imaging or chemical storage process and $1 per page for copies from microfilm or other micrographic process, a fee for search and handling, not to exceed $10, and all postage and shipping costs. Any hospital, nursing facility, physician, or other health care provider receiving such a request from a patient's attorney or authorized insurer shall require a writing signed by the patient confirming the attorney's or authorized insurer's authority to make the request and shall accept a photocopy, facsimile, or other copy of the original signed by the patient as if it were an original.

On December 6, 2002, Smart Solutions filed a "Claim for Benefits" (VWC Form No. 5). The claim described the benefits it sought as "Claims by Smart Corp. against Va. Farm Bureau Insurance for copying costs expended on these claims & not paid." Smart Solutions styled the claim "Smart Document Solutions, LLC, Claimant v. Virginia Farm Bureau Insurance Services, Respondent" and attached an affidavit of the total amount claimed from Virginia Farm Bureau with a list of forty-three invoices for records supplied in various cases. The list did not include an invoice for any records related to a claim by Doyle Johnson.

The commission restyled the claim "Doyle Bayes Johnson, claimant v. Barny Bay Dairy, Inc, employer and Virginia Farm Bureau Fire and Casualty Insurance Company, insurer" and set it for hearing October 14, 2003. The deputy commissioner issued an opinion January 5, 2004 that established a uniform fee for both litigation and non-litigation requests for documents. The deputy commissioner adopted the fees established in Code § 8.01-413 setting the rate at $.50 per page for the first fifty pages and $.25 for additional pages with a handling fee of up to $10. Virginia Farm Bureau appealed to the full commission.

The commission reversed the deputy commissioner by opinion dated September 23, 2004 in favor of a two-tiered fee schedule. Documents produced in litigation would be regulated by Code § 8.01-413, and those not produced in litigation would only be subject to a nominal fee as stated in Rule 4.2 of the commission. The commission remanded the case to the deputy commissioner to determine "what is a proper nominal charge for producing the documents in this case."

On April 7, 2005, the deputy commissioner issued his finding that a nominal fee would be $.10 per page for the first fifty pages and $.05 for additional pages. He denied a search fee. Both parties appealed to the full commission. In an October 7, 2005 opinion, the commission

affirmed the deputy commissioner but modified the decision to permit a charge for the actual amount of postage.

Doyle Johnson suffered an injury by accident on April 20, 2002. An award was entered on May 30, 2002, pursuant to agreement, for temporary total benefits commencing April 21, 2002. Benefits were paid through July 8, 2002, at which time Johnson returned to work at a pre-injury or greater average weekly wage.

Virginia Farm Bureau had requested certain medical records of Johnson from Carillon Franklin Memorial Hospital in order to substantiate the medical expenses incurred. Smart Solutions reproduced the requested records pursuant to its contractual arrangement with the hospital. The total claimed for Johnson's records was $14.60, though neither the documents nor an invoice for them appear in the record.

This is an appeal of a dispute between a third-party vendor of a hospital and a workers' compensation insurance carrier. Barny Bay Dairy, the employer, had accepted and paid Johnson's claim. Johnson had returned to work and had no claim pending. Neither Johnson nor the employer was involved in this dispute; neither the claimant nor the employer was a real party in interest. Indeed, the deputy commissioner noted in his opinion that Johnson's appearance at the hearing was not necessary.

Smart Solutions filed a "Claim for Benefits" on December 6, 2002 requesting reimbursement from Virginia Farm Bureau for the cost of reproducing medical records requested by the carrier from Carillon Franklin Memorial Hospital. The claim was a typical civil claim by one corporate entity against another for goods and services. Smart Solutions sought to charge the insurance carrier the cost for providing copying services to the hospital. Its claim was not related to any pending claim by Johnson for workers' compensation benefits, and his rights

- 4 -

under the Act were not at stake. Smart Solutions concedes there was no pending application and Barny Bay v. Johnson has nothing to do with it.

"[T]he commission is empowered to decide matters between the employer and employee affecting *compensation rights* and directly related interests of the employee that spring from the Act." Henry's Wrecker Serv. Co. v. Smoot, 35 Va. App. 365, 373, 545 S.E.2d 551, 555 (2001). Code § 65.2-700 provides: "All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Bogle Dev. Co., Inc. v. Buie, 250 Va. 431, 463 S.E.2d 467 (1995) held: "'When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies . . . .'" Id. at 434, 463 S.E.2d at 468 (quoting Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 121, 348 S.E.2d 416, 419 (1986)). Neither a compensation right in the claimant nor a reimbursement right in the employer was at issue here.

"[A] judgment on the merits without subject matter jurisdiction is null and void." Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990). Subject matter jurisdiction cannot be waived or conferred upon the commission by agreement of the parties. Id. at 169-70, 387 S.E.2d at 755. "Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." Id. at 170, 387 S.E.2d at 756.

The issue raised by Smart Solutions was "what we could charge." The commission sought to issue an advisory opinion, but the issue it sought to resolve did not relate to a pending case arising under the Workers' Compensation Act. Accordingly, we reverse the commission's decision and dismiss these appeals.

Reversed and dismissed.