COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Beales and Powell
Argued by teleconference


STEVE BUDNICK
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2025-10-2                  JUDGE RANDOLPH A. BEALES
                                                         MAY 10, 2011
MURPHY-BROWN, LLC &
 ACE AMERICAN INSURANCE CO., INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Thomas J. Schilling (Schilling & Esposito, PLLC, on brief), for
              appellant.

              William W. Nexsen (Jeffrey P. Partington; Stackhouse, Nexsen &
              Turrietta, PLLC, on brief), for appellees.


        Steve Budnick (claimant) appeals from a decision of the Workers' Compensation

Commission (the commission) denying his request for an order that would require

Murphy-Brown, LLC, or its insurer (collectively, "employer") to pay $308,525.45 to MCV

Hospitals (MCV).  For the following reason, we affirm the commission's decision.

                                    I.  BACKGROUND

        Claimant was severely injured in an automobile accident in 2005 while working for

employer.  He initially received medical care from MCV.  By July 20, 2006, claimant's medical

bills at MCV had reached a total of $308,525.45.  On August 28, 2006, the Department of

Medical Assistance Services[1] (DMAS), the Virginia agency that regulates the Commonwealth's

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Department of Medical Assistance Services was established under Chapter 10 of
Title 32.1 of the Code, to oversee the administration of federal and state Medicaid funds in the
Commonwealth.

Medicaid program, paid $145,764.17 to MCV in settlement of claimant's bills. MCV then made "adjustments" of $162,761.28 to its total bill, leaving a balance due of zero.

Claimant filed a worker's compensation claim with the commission, and employer objected that the injury was not compensable. The commission entered an award of benefits to claimant on October 24, 2008. On appeal, this Court approved that award. Murphy-Brown, LLC v. Budnick, Rec. No. 2752-08-2 (Va. Ct. App. Apr. 14, 2009).

After this Court affirmed the award of benefits, claimant filed a "Claim for Benefits" with the commission. He asked that the commission order employer to pay the original MCV bill of $308,525.45, and he submitted as supporting documentation a statement from 2006 that showed the entire original balance of the MCV bill as still outstanding. MCV and DMAS were not given notice of this filing, and neither entity has ever been made a party or put in an appearance in these proceedings.

A deputy commissioner ordered that employer pay $162,761.28 to MCV, the amount "adjusted" off the original bill. Employer then appealed to the full commission. The full commission found that employer, while responsible for claimant's medical bills, could "not [be] required to make any payments to MCV." Claimant now appeals to this Court, arguing that the commission should have ordered employer to pay to MCV the original balance of $308,525.45, so that MCV could then reimburse $145,764.17 to DMAS.

## II. ANALYSIS

Claimant argues on appeal, as it did before the commission, that the commission has the authority to order that employer pay $308,525.45 to MCV, even though claimant's bill from MCV shows a balance due of zero. Under these circumstances, we find that the commission did not have authority to exercise its jurisdiction here.

The Supreme Court considered a similar issue in <u>Bogle Dev. Co. v. Buie</u>, 250 Va. 431, 463 S.E.2d 467 (1995). In that case, Bogle Development, through an insurance company named Guaranty Fund Management Services (the Fund), reimbursed Buie for his out-of-pocket medical expenses related to his workplace accident, but refused to reimburse Blue Cross/Blue Shield, Buie's personal insurer, for its coverage of his medical expenses related to the accident. <u>Id.</u> at 433, 463 S.E.2d at 467-68. The "dispositive issue" in the case was "whether the Commission's jurisdiction over this controversy ceased when the Fund reimbursed Buie." <u>Id.</u> at 433, 463 S.E.2d at 468. The Supreme Court found that the commission had jurisdiction over "all questions 'arising under'" the Workers' Compensation Act, but that this authority was limited to questions involving a "right of the claimant." <u>Id.</u> at 434, 463 S.E.2d at 468 (citing <u>Hartford Fire Ins. Co. v. Tucker</u>, 3 Va. App. 116, 348 S.E.2d 416 (1986)). The Supreme Court concluded that the commission did not have authority to exercise its jurisdiction over the disagreement between the Fund and Blue Cross/Blue Shield "once Buie was reimbursed for his out-of-pocket expenses." <u>Id.</u>

Claimant here raises essentially the same issue that was raised in <u>Bogle Dev. Co.</u> He does not contend that the employer owes him any reimbursement for his out-of-pocket medical expenses. He does not contend that he has any liability for any outstanding medical expenses. Claimant does not contend that he is in danger of being held responsible for this medical bill because he has no outstanding medical bill at MCV. Instead, claimant contends that the commission should order employer to pay the original medical bill of $308,525.45, even though MCV shows a balance owing of zero.

DMAS paid $145,764.17 of this original bill under the Commonwealth's provisions for Medicaid coverage. Claimant is not in danger of being charged for the amount adjusted off his bill by MCV. Under Code § 32.1-346(D), one of the statutes regulating DMAS, MCV cannot

- 3 -

charge claimant for the $162,761.28 that was adjusted off the original bill. This statute states,

"Acceptance of payment for services by a provider under this Program [DMAS/Medicaid] shall

constitute payment in full." Therefore, when MCV accepted payment from DMAS, it accepted

the $145,764.17 in full satisfaction of its bill. Federal law also requires that state Medicaid

programs limit medical providers such that, once a provider accepts Medicaid funds for a

patient's medical bills, the provider cannot then attempt to collect any additional funds from the

patient. See 42 U.S.C. § 1396a(a)(25)(C).

Pursuant to Bogle, therefore, the commission here did not have jurisdiction to order that

employer "pay" a bill that has been paid in full because "no right of the claimant" is involved.

He is not at risk of being pursued by MCV to recover any costs from this medical care, so his

"right" to have employer pay his medical expenses is not directly involved here. If MCV and/or

DMAS want employer to cover a part (or all) of the bill, then they can sue employer in circuit

court. See Bogle, 250 Va. at 434, 463 S.E.2d at 468; see also Code § 32.1-325.2. As this Court

explained in Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 120, 348 S.E.2d 416, 418-19

(1986):

> The purpose and effect of the Workers' Compensation Act (Act)
> are to control and regulate the relations between the employer and
> the employee. . . . [I]ts jurisdiction does not extend to the litigation
> and resolution of issues between two insurance carriers which do
> not affect an award of the Commission. Generally, the
> Commission's jurisdiction is limited to those issues which are
> directly or necessarily related to the right of an employee to
> compensation for a work-related injury.
>
> In many states, including Virginia, when the rights of the employee
> in a pending claim are not at stake, the commissions disavow
> jurisdiction and send the parties to the courts for relief.

(Citations omitted). Under Bogle and Hartford Fire, the commission here correctly refused to

order that employer pay $308,525.45 to MCV for an account that MCV considers paid in full.

Claimant argues that <u>Bogle</u> did not involve a medical provider, but instead involved only third-party health insurance companies, so its analysis does not apply here. However, the Supreme Court in <u>Bogle</u> limited the commission's ability to exercise its jurisdiction to questions involving a "right of the claimant," not to rights of a claimant *or* his medical providers. 250 Va. at 434, 463 S.E.2d at 468. Here, no right of the claimant is affected – just as no right of the claimant in <u>Bogle</u> was affected. Therefore, <u>Bogle</u> is controlling case law here.

Claimant also contends that <u>Combustion Eng'g, Inc. v. Lafon</u>, 22 Va. App. 235, 468 S.E.2d 698 (1996), is more relevant to the facts presented by his case. However, in <u>Lafon</u>, *the medical provider* brought the action to the commission, asking for payment of outstanding medical bills from its treatment of Lafon. <u>Id.</u> at 237, 468 S.E.2d at 698-99. This Court held, "In this case, unlike <u>Bogle</u>, the employee's rights were at stake. If Lafon's reasonable and necessary medical bills were not paid by the employer, he would be personally liable for them." <u>Id.</u> at 238, 468 S.E.2d at 699. Thus, <u>Lafon</u> involved a situation where a claimant was actually liable for the bills if they went unpaid – whereas claimant here is not liable for any bill from MCV because the account is paid in full.[2]

Claimant also argues that his relationship with his medical provider will be weakened if employer does not pay the original amount of the medical bill to MCV. We do not find this argument persuasive given MCV has not asked anyone to pay the $162,761.28 that was adjusted off claimant's bill.[3]

_____

[2] Very few other states have considered this question. However, a Nebraska court overturned their commission's order that an employer reimburse the Veterans' Administration and Medicare for a claimant's medical care in <u>Spiker v. John Day Co.</u>, 270 N.W.2d 300, 305 (Neb. 1978). That court based its decision on the fact that neither agency was a party to the action and the fact that the claimant had not "incurred any liability for services furnished" by either agency. <u>Id.</u>

[3] The commission noted that MCV, under federal regulations, may lose its standing as a Medicaid/DMAS provider if it attempts to collect the amount that was adjusted off of claimant's

Two states have considered this argument. The North Carolina Court of Appeals rejected it, holding instead that a claimant had no standing to bring such a claim because he had no injury. Estate of Apple v. Commerical Courier Express, Inc., 607 S.E.2d 14, 17 (N.C. Ct. App. 2005).[4] A Montana court, in a case involving payments to insurance companies, found this argument was not "reasonable" and added that the claimant could petition the commission if there was an *unpaid* balance and he was sued for those bills. Shepard v. Midland Foods, Inc., 710 P.2d 1355, 1358 (Mont. 1985) (noting that this solution was "logical" and "equitable").

We agree with these courts. MCV decided to accept payment from DMAS,[5] rather than wait for the commission to determine if employer was liable under the Workers' Compensation

_____

original bill. See Rehab. Ass'n v. Kozlowski, 42 F.3d 1444, 1447 (4th Cir. 1994) ("Service providers who participate in the Medicaid program are required to accept payment of the state-denoted Medicaid fee as payment in full for their services, i.e., they are required to take assignment, and may not attempt to recover any additional amounts elsewhere."). See also Miller v. Wladyslaw Estate, 547 F.3d 273, 284-85 (5th Cir. 2008); Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust, 410 F.3d 304, 314 (6th Cir. 2005); Lizer v. Eagle Air Med Corp., 308 F. Supp. 2d 1006, 1010 (D. Ariz. 2004) (noting the holdings of the First and Seventh Circuits). We need not consider this argument here, especially as MCV is not a party to this case and has not asked for reimbursement through the commission.

[4] Claimant refers this Court to another opinion of the North Carolina appellate courts, Pearson v. C.P. Buckner Steel Erection Co., 498 S.E.2d 818 (N.C. 1998), as supporting portions of his argument here. However, as was noted in Estate of Apple, the court in Pearson "did not discuss standing, compromise and settlement agreements, or the issue presented by this case." 607 S.E.2d at 18. In Pearson, the claimant's medical provider, Cary Health, intervened in the case and asked the commission to order the payments. 498 S.E.2d at 819. The North Carolina Supreme Court found that the commission had jurisdiction and that Medicaid law did not preclude the commission from ordering that Cary Health be paid the remainder of its bill. Id. at 820, 822.
    We find Pearson distinguishable from the situation presented here. Cary Health itself intervened in Pearson, so that case did not present a question about jurisdiction where the medical provider does not ask for additional payments from the employer – the situation that is currently before this Court. Most importantly, Bogle Dev. Co. is a decision of the Supreme Court of Virginia, and Hartford Fire Ins. is a decision of this Court. Therefore, they are, of course, binding precedent on us.

[5] If DMAS wants to be reimbursed by employer, it can sue employer pursuant to the Code and its own regulations. See Code § 32.1-325.2 (DMAS may recover its payments from third parties through an action at law); 12 VAC 30-10-610 (Third party liability); 12 VAC

Act.  See Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust, 410 F.3d 304, 315-16 (6th Cir. 2005) ("Moreover, Spectrum also used Medicaid as an insurance policy against an adverse outcome of the malpractice litigation.").  As a result of that decision, MCV received approximately half of its original bill and wrote off the other half.  The commission cannot now order employer to pay MCV the entire amount of the original bill.  If MCV wants to collect additional amounts from employer, it can bring suit in a circuit court.

### III.  CONCLUSION

For the foregoing reasons, we hold that the commission did not err in refusing to order that employer pay $308,525.45 to MCV.  Because no right of claimant was involved in this case, the commission correctly declined to exercise its jurisdiction here.  Therefore, we affirm the commission's decision.

<u>Affirmed.</u>

---

30-20-190 (Requirements for third party liability, identifying liable resources); 12 VAC 30-20-200 (Requirements for third party liability, payment of claims).