COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


NORTHROP GRUMMAN SHIPBUILDING, INC., N/K/A
 HUNTINGTON INGALLS INCORPORATED

                                                          OPINION BY
v.       Record No. 1182-16-1              JUDGE RANDOLPH A. BEALES
                                                       FEBRUARY 28, 2017
WARDELL ORTHOPAEDICS, P.C.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Bradley D. Reeser (Jonathan H. Walker; Christopher R. Hedrick;
Mason, Mason, Walker & Hedrick, P.C., on briefs), for appellant.

Kira A. Cook (Philip J. Geib; Philip J. Geib, P.C., on brief), for
appellee.


In this appeal, Huntington Ingalls Incorporated ("employer") appeals the decision of the

Workers' Compensation Commission awarding payments for medical services provided by

Wardell Orthopaedics, P.C. ("provider") to Charles Everett ("claimant"). On appeal, employer

argues that the Commission erred (1) "by exercising jurisdiction over a dispute that did not

involve any right of any injured worker," (2) "by ignoring and perverting the terms of the

Employer's settlement with the Claimant of all claims for past, present, and future medical

expenses," (3) "by finding that Dr. Arthur Wardell was an authorized treating physician under

the Virginia Workers' Compensation Act," (4) "by failing to require the Medical Provider to

establish by preponderant evidence that the treatment provided was due to a compensable injury

by accident that occurred during the course of and arose out of employment," (5) "by permitting

[provider] retroactively to seek additional sums under the Virginia Workers' Compensation Act

when reimbursement had been paid fully and finally pursuant to the Longshore and Harbor

Workers' Compensation Act, 33 U.S.C. §§ 901-950 (2012), and when the provider admitted it had long since written off the remaining account balance upon receipt of the Longshore payment," and (6) "by liberally applying the doctrine of waiver and estoppel against the Employer, equating ironically the settlement of all claims with the knowing waiver of all defenses to such claims, and by refusing to apply the doctrine of accord and satisfaction to bar the claim of [provider] from reviving previously written off medical bills." For the following reasons, we affirm the Commission's ruling.

## I. BACKGROUND

Claimant suffered an injury at work on October 8, 2010 while in the employ of Newport News Shipbuilding, later known as Northrop Grumman Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated. On December 13, 2010, claimant filed a claim for benefits with the Commission. On December 3, 2012, claimant and employer filed a joint petition to the Commission requesting the entry of a settlement order. In the petition, the parties agreed that claimant would receive a lump sum payment of $57,500, less a deduction for attorney's fees. In exchange, employer would be "released from any and all further liability for further compensation, past, present or future, and future medical benefits." The joint petition asserted, "Employer shall be responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement and the Claimant shall be responsible for any and all medical expenses or any other costs incurred thereafter." Employer contested the compensability of claimant's claim in the joint petition. The joint petition also asserted that claimant had already been paid $61,115.57 pursuant to the Longshore and Harbor Workers' Compensation Act ("the LHWCA"), 33 U.S.C. §§ 901-950 (2016), for claimant's October 8, 2010 injury.

On January 14, 2013, the deputy commissioner entered an order that incorporated the settlement agreement of the parties ("the settlement order"). The settlement order stated, "Employer shall be responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement." Claimant was awarded a $46,000 (after subtracting $11,500 in attorney's fees) lump sum pursuant to the provisions of the settlement order. Employer signed the settlement order without objection.

On October 20, 2014, provider filed a healthcare provider's application with the Commission seeking payment by employer of outstanding balances for medical services rendered to claimant for injuries he sustained as a result of his October 8, 2010 injury. A hearing on the issue was held by the deputy commissioner on January 11, 2016. Employer offered numerous defenses: (1) that claimant did not suffer a compensable accident arising out of and in the course of his employment; (2) that provider was not an authorized treating physician under the Virginia Workers' Compensation Act; (3) that provider's bills have already been paid pursuant to the LHWCA; and (4) that the provisions of laches apply to provider's claim. The deputy commissioner found in favor of provider and awarded to provider $12,438.43 in unpaid medical services rendered to claimant prior to the entry of the settlement order.

In support of his opinion, the deputy commissioner relied on the language of the January 14, 2013 settlement order in which employer agreed to be "responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement." The deputy commissioner also found that "resolution of the issues of the compensability of [claimant's] October 8, 2010 accident and the status of [provider] as an authorized treating physician is not relevant to the ultimate issue in this claim." Thus, "[b]y the terms of the settlement, [employer] accepted responsibility for the costs associated with the medical attention [claimant] received for injuries associated with his October 8, 2010 accident

- 3 -

through the date of the entry of the [settlement] Order, rendering moot a decision regarding the compensability of his accident." The deputy commissioner also found that the settlement order did "not include a limitation or exclusion on [employer's] agreement to pay for medical treatment" based on the fact that provider did not serve as an authorized treating physician under the Act." Finally, the deputy commissioner also rejected employer's accord and satisfaction defense, finding that "there is no evidence in that representatives of [provider] gave assurances to [employer] that [provider] agreed to be bound by the payments made under the LHWCA."

Employer appealed the matter to the full Commission. The full Commission affirmed the findings of the deputy commissioner in a unanimous opinion dated June 23, 2016. Before the full Commission, employer had argued that the Commission lacked jurisdiction to hear the matter because employer alleged that provider's claim did not involve a right or claim of an injured worker. The Commission found that it "has authority pursuant to Virginia Code § 65.2-201 to enforce its lawful orders and awards." It also concluded, "the Virginia Workers['] Compensation Commission has exclusive jurisdiction over disputes of physician fees or charges, Va. Code Ann. sec. 65.2-714(A)." The full Commission also rejected employer's argument that the Commission's decision in Riddick v. Newport News Shipbuilding & Dry Dock Co., 2016 VA Wrk. Comp. LEXIS 75 (VA Wrk. Comp. Feb. 8, 2016) was applicable to the facts of this matter. The full Commission held that the facts of this case were distinguishable from Riddick because the employer in Riddick had not agreed that it would be responsible for the payment of medical treatments that occurred during a specific time frame. This appeal followed.

II. ANALYSIS

A. THE COMMISSION'S EXERCISE OF JURISDICTION

Employer argues that the Commission lacked jurisdiction to enter the award to provider because the matter before the Commission did not involve the rights of an injured worker. We

- 4 -

disagree and find that the Commission had jurisdiction to award additional payments to provider pursuant to the January 14, 2013 settlement order.

"Code § 65.2-700 vests the Commission with jurisdiction to determine all questions 'arising under' the Virginia Workers' Compensation Act." Bogle Dev. Co. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995). "This grant of subject matter jurisdiction includes the authority of the Commission to enforce its orders and to resolve coverage and payment disputes." Id. In addition, "Code § 65.2-714(A) provides the commission exclusive jurisdiction over all disputes concerning payment of the fees or charges of physicians and hospitals." Combustion Eng'g v. Lafon, 22 Va. App. 235, 237, 468 S.E.2d 698, 699 (1996).

The full Commission found, "The Commission has authority pursuant to Virginia Code § 65.2-201 to enforce its lawful orders and awards." It also concluded that the Commission "has exclusive jurisdiction over disputes of physician fees or charges." Employer argues that the Commission's decision is contrary to the Supreme Court's decision in Bogle. We disagree. In Bogle, the Supreme Court ruled that the Commission did not have jurisdiction to consider the reimbursement claim of the employer's private health insurance carrier after the employer had already reimbursed the employee for his out-of-pocket medical expenses. Id. at 434, 463 S.E.2d at 468-69. The Court held that the Commission lacked jurisdiction to hear a claim by the *employer's insurer* against the employer for reimbursement of the insurer's expenses because "no right of the [employee] was 'at stake.'" Id. at 434, 463 S.E.2d at 468.

In contrast with the facts of Bogle, a claimant's rights were at stake here in this matter. Pursuant to the settlement order, claimant had the right to have his medical expenses that were related to his accident paid by employer. In the matter below, claimant and his counsel appeared at the hearing before the deputy commissioner and before the full Commission to protect claimant's interests. Thus, much like in Lafon, "the commission had before it a dispute among a

medical care provider, an employee, and an employer concerning whether the employer was responsible for payment of [claimant's] medical expenses. Such a dispute falls squarely within the commission's sole jurisdiction provided for under the Act." 22 Va. App. at 238-39, 468 S.E.2d at 699. See Code § 65.2-714. Therefore, the Commission did not err in exercising jurisdiction over provider's application.[1]

### B. SETTLEMENT AGREEMENT BETWEEN CLAIMANT AND EMPLOYER

Employer contends that the Commission's interpretation of the settlement order renders the parties' settlement agreement meaningless.

Just as the deputy commissioner and the full Commission found, this Court also finds that the language of the January 14, 2013 settlement order is clear. That order states, "It is further ORDERED that Employer shall be responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement." By the plain language of that order, employer agreed that it would assume financial responsibility for any medical treatment claimant received up to the date of that order (January 14, 2013) that was related to his October 8, 2010 injury.

The full Commission cited this language as the reason its decision reached a different outcome than in the matter of Riddick v. Newport News Shipbuilding & Dry Dock Co., 2016 VA Wrk. Comp. LEXIS 75 (VA Wrk. Comp. Feb. 8, 2016). In Riddick, the full

---

[1] Employer also relies on this Court's unpublished opinion in Budnick v. Murphy-Brown, LLC, No. 2025-10-2, 2011 Va. App. LEXIS 159 (Va. Ct. App. May 10, 2011). However, that case is readily distinguishable from this matter because the Department of Medical Assistance Services ("DMAS"), the Virginia agency that regulates the Commonwealth's Medicaid program, paid $145,764.17 to provider MCV Hospital in a full satisfaction of the claimant's medical bills. Id. at *5. Accordingly, in an unpublished opinion, this Court found that the Commission did not err in finding that no right of the claimant was before the Commission in a case where the claimant sought to have the Commission order claimant's employer to pay a bill to MCV Hospital *that MCV Hospital considered had already been paid in full*. Id. at *12.

- 6 -

Commission affirmed the deputy commissioner's determination that the medical provider failed to present grounds to bring its claim within the jurisdiction of the Commission. In that case, the parties had agreed that the employer was "released from any and all further liability for the payment of medical expenses . . . after the date of the entry of the Order." Id. at *2. Based on that agreement to release the employer from further liability, the Commission in Riddick found:

> The parties agreed that the payment of medical expenses "by Claimant . . . for the injuries which are the subject of these claims either have already been presented to the Employer for reimbursement or were taken into consideration by Claimant in entering into this settlement, such that no additional sums are due to Claimant as reimbursement for payment for such treatment or expenses." Significantly, the parties further agreed ". . . that all medical expenses incurred by Claimant by authorized treating physicians have been paid to or on Claimant's behalf." Granting the medical provider's application in this case essentially would render this provision of the parties' agreement, and the resulting settlement, meaningless.

Id. at *4-5.

The full Commission in our case, however, distinguished Riddick on the grounds that "here the employer agreed that it would be responsible for the payment of medical treatment through the date of the January 14, 2013 Order." Pursuant to the settlement order, provider was awarded payment of $12,438.43 for medical services rendered in connection with claimant's October 8, 2010 injury for treatments taking place between the time of the injury and the date of the order. We agree with the deputy commissioner and the full Commission that employer was bound *by its own agreement* to accept the financial responsibility for claimant's medical bills for treatments provided by provider prior to the entry of the January 14, 2013 settlement order.

Contrary to employer's arguments, this interpretation of the settlement order does not render the settlement meaningless. By the plain terms of the settlement order, claimant agreed to abandon his Virginia Workers' Compensation claim by accepting the financial terms of the settlement, which provided an obvious benefit to employer. In addition, employer is no longer

- 7 -

financially responsible for claimant's *future* medical treatments (treatments that were provided *after* January 14, 2013) that are related to claimant's October 8, 2010 injury ("[T]he Claimant shall be responsible for any and all medical expenses or any other costs incurred thereafter[.]"). For these reasons, this Court finds that the deputy commissioner and the full Commission did not err when they found that employer was liable to provider for medical treatment rendered to claimant prior to January 14, 2013, pursuant to the plain terms of the settlement order.

The Court also rejects employer's argument that the operative language here was a "boilerplate statement" of "the Commission's inclusion." Employer's Br. at 13. Upon our review of the record, it is clear that the Commission did not add that language into the settlement order as employer claims. That specific language was contained *verbatim* in both the parties' joint petition for the entry of a settlement order (App. at 16) and in the proposed settlement order submitted by the parties to the Commission for entry (App. at 13-14). The Court notes that counsel for employer signed the proposed order (App. at 15) that contains the operative language of the settlement order. In addition, there is no indication in the record that employer timely objected to the Commission's inclusion of this language in the settlement order. Thus, we find that it is clear from the record that employer agreed to the language of the January 14, 2013 order that expressly made employer responsible for medical treatment incurred by the claimant through the date of the entry of the January 14, 2013 order. For all of these reasons, this Court affirms the Commission's award of payments to provider as its decision was in accordance with the settlement agreement of the parties and the terms of the settlement order.

## C. DR. WARDELL AS AN AUTHORIZED TREATING PHYSICIAN

Employer argues that the Commission erred by awarding payments to provider because Dr. Wardell was not authorized to treat claimant's injuries. The deputy commissioner and the full Commission found that the parties' settlement agreement did not include any limitation or

exclusion regarding what physicians could provide the medical treatment for which employer had agreed to pay until the date of the order. The full Commission found that the deputy commissioner did not err in awarding payments to provider, even if Dr. Wardell had not been authorized by employer to treat claimant's injuries. We agree with the Commission.

The plain language of the settlement order does not limit employer's obligation to pay for claimant's medical treatment to only those treatments that were provided by authorized medical providers. Instead, the order plainly states, "Employer shall be responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement." In addition, the parties' joint petition for the entry of a settlement order acknowledged that claimant had received medical treatment from Dr. Wardell. As noted by the Commission, there is no language in either the joint petition or the settlement order that would indicate that employer had not agreed to make payments for treatments provided by Dr. Wardell on the basis that he was not an authorized treating physician under the Workers' Compensation Act. For these reasons, we find that the Commission did not err in awarding payments to provider pursuant to the terms of the parties' settlement agreement and the plain language of the settlement order.

D. The Requirement to Prove a Compensable Injury

Employer contends that the Commission erred by holding that provider was not required to prove the existence of a compensable injury by accident before allowing provider to prevail before the Commission. Employer notes that claimant (and therefore provider) bears the burden of proving the existence of a compensable injury arising out of and in the course of employment by a preponderance of the evidence. See Cent. State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). Employer argues that, absent this proof, the Commission lacked the authority to enter an award for provider for medical services related to claimant's injuries. The

deputy commissioner and the full Commission determined, however, that a decision regarding the compensability of claimant's accident was rendered unnecessary by employer's acceptance of financial responsibility for the costs associated with the medical treatment in the January 14, 2013 settlement order. We agree with the Commission.

This Court again relies on the plain language of the settlement order where employer agreed to "be responsible for medical treatment pursuant to Section 65.2-603 incurred by the Claimant through the date of the entry of the Order approving the settlement." Based upon this language, it is clear that employer agreed to pay claimant's medical bills *notwithstanding* the fact that employer continued to contest that claimant had suffered a compensable injury. Because employer agreed to be responsible for the payments in question, the Commission correctly determined that there was no need for provider to prove the compensability of claimant's claim in order to recover the cost for its unpaid medical bills before January 14, 2013, pursuant to the January 14, 2013 settlement order. To rule otherwise would allow employer to escape its obligations under the settlement order to pay claimant's medical bills for treatments provided through the date of the entry of the settlement order. For these reasons, therefore, we find that the Commission did not err in awarding payments to provider without requiring provider to prove the compensability of claimant's injury, given the plain language of the settlement order.

### E. EMPLOYER'S ACCORD AND SATISFACTION DEFENSE

In its fifth assignment of error, employer asserts that the Commission erred when it permitted provider to seek additional sums under the Virginia Workers' Compensation Act when provider had previously sought reimbursement and received payments pursuant to the LHWCA, and then subsequently written off the remaining account balances. In its sixth assignment of error, employer argues that the Commission erred by refusing to apply the doctrine of accord and

satisfaction to bar provider's claim. We will consider these two assignments of error together to match the manner in which employer chose to brief these issues.

Employer argues that provider's acceptance of payments under the LHWCA – and the corresponding internal write-offs of any excess balances by provider – amounted to an accord and satisfaction of provider's claims against the employer for unpaid medical bills related to claimant's injury. Provider, however, relies on Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 722 S.E.2d 301 (2012), to conclude that its acceptance of payments from employer under the LHWCA's medical fee schedule did not preclude provider from seeking the unpaid balance of those medical services under the Virginia Workers' Compensation Act. The deputy commissioner and the full Commission each found that provider was not bound by its acceptance of payments under the LHWCA because there was no evidence that provider gave any assurances to employer that the provider agreed to be bound by the payments made under the LHWCA.

"Under the common law, an accord and satisfaction requires both that the debtor intend that the proffered amount be given in full satisfaction of the disputed claim and that the claimant accept that amount in accordance with the debtor's intent. The acceptance need not be express, but may be implied." Gelles & Sons Gen. Contr. v. Jeffrey Stack, Inc., 264 Va. 285, 289-90, 569 S.E.2d 406, 408 (2002). The party asserting accord and satisfaction has the burden to prove that there was an offer and an acceptance of an agreement to settle the disputed claim. Virginia-Carolina Elec. Works v. Cooper, 192 Va. 78, 81, 63 S.E.2d 717, 719 (1951).

This Court finds there is nothing in the record that shows that provider either expressly or implicitly accepted the LHWCA payments as payments in full satisfaction of the balance owed. In this matter, there is no evidence that provider gave employer *any* representations or assurances that it had accepted the LHWCA payments in full settlement of its demands for unpaid medical

- 11 -

bills (or any evidence that employer explicitly stated that provider's acceptance of the LHWCA payments would constitute full satisfaction of the balance owed). While there is some evidence that provider internally "wrote off" the difference between the amounts it billed for services and the amounts it received from the LHWCA payments, we find that those internal write-offs fall short of employer's burden to prove that provider accepted those payments in *full* satisfaction of the unpaid medical expenses. In short, while provider may have internally written off the payments, it never made its internal accounts known to employer. For these reasons, this Court, therefore, finds that the Commission did not err in rejecting employer's accord and satisfaction defense.

### III. CONCLUSION

In summary, we find that the Commission did not err in exercising jurisdiction over provider's application. We also find that the Commission's award of medical expenses did not violate the settlement order or render meaningless the terms of the parties' settlement – and that the Commission's award was consistent with the terms of the settlement order. Because the parties did not agree in their settlement agreement that employer was not responsible for medical treatments provided by Dr. Wardell, the Commission did not err when it found that employer was responsible for the costs associated with medical treatments related to the accident that claimant received through the date of the settlement order (January 14, 2013), including the medical treatments through that date provided by Dr. Wardell. The Court also finds that, pursuant to the terms of the settlement order, the Commission did not err when it found that provider was not required to prove that claimant suffered a compensable injury in order to recover in this matter. We also find that the Commission did not err when it found that provider's acceptance of payments under the LHWCA did not preclude its ability to recover under the Virginia Workers' Compensation Act. Finally, we find that the Commission did not

err in rejecting employer's accord and satisfaction defense to provider's application for an award for medical payments. Consequently, we affirm the decision of the Commission.

Affirmed.