# COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia


KADEN BOCKELMAN

                                                          MEMORANDUM OPINION* BY
v.        Record No. 1170-21-1                      JUDGE RICHARD Y. ATLEE, JR.
                                                                JUNE 28, 2022

MILLERS LANDSCAPING SPRINKLER AND
 BUILDERS MUTUAL INS. CO.

### FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Philip J. Geib (Alexander H. Bell; Philip J. Geib, P.C., on brief),
> for appellant.
>
> Erica S. Blackman (Michael L. Goff, Jr.; Two Rivers Law Group,
> P.C., on brief), for appellees.


This appeal concerns a claimant's ability to pursue payment of health expenses written off by a third party, under the terms of a settlement agreement, when the cause of action accrued prior to the enactment of a 2012 amendment to Code § 65.2-714(A). Claimant Kaden Bockelman appeals a decision of the Workers' Compensation Commission (the "Commission") denying payment for unpaid medical expenses. The Commission concluded that Bockelman did not have a right of action under the Workers' Compensation Act (the "Act") to pursue payment because the amounts sought were neither paid by, nor charged to, Bockelman. On appeal, he argues that the Commission erred in ruling that he had no cause of action to seek reimbursement and by finding that it "lacked jurisdiction" over his application. For the following reasons, we reverse.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

I. Background

Bockelman suffered a compensable injury to his left leg in January 2012, for which he received medical and indemnity benefits coverage. The Commission entered an order on February 7, 2013, approving a settlement agreement between Bockelman and appellees. In the settlement agreement, appellees agreed to pay "all reasonable, necessary and authorized medical expenses, which are directly related to the alleged injury by accident of January 30, 2012, incurred up to and including the date of entry of the Order in this matter."

Following his injury, Bockelman received treatment from Sentara Healthcare ("Sentara"). Champus/TRICARE, Bockelman's health insurance provider, made partial payments to Sentara for this treatment. Sentara wrote off[1] the remaining balances. Bockelman did not make any payments to Sentara, and neither Sentara nor any third-party debt collector pursued the balance from Bockelman. Sentara is no longer treating Bockelman for his injury.

Bockelman filed with the Commission a request for a hearing regarding unpaid and underpaid medical bills in March 2020. Specifically, he sought payment of unpaid medical expenses incurred by Sentara in the treatment of his injury on January 30, 2012, totaling $4,451.57.[2] He also sought attorney fees pursuant to Code § 65.2-713. Appellees argued that Bockelman's rights were not implicated, and thus he could not pursue the claim, pursuant to the holdings in *Budnick v. Murphy-Brown*, *LLC*, No. 2025-10-2 (Va. Ct. App. May 10, 2011), and

---

[1] *I.e.*, Sentara removed the outstanding debt from its balance sheet, an accounting process often done for bookkeeping or tax purposes. *See Write Off*, *Black's Law Dictionary* (11th ed. 2019) ("To transfer the entire balance (of an asset account) to an expense or loss account to reflect the asset's total loss of value."). Unlike in other specific scenarios (*see, e.g.*, *infra* note 8 and accompanying text), writing off an outstanding debt, absent more, does not amount to a formal waiver of rights to pursue future payment.

[2] Bockelman also sought underpaid medical expenses incurred by The Therapy Network between March and August 2012, totaling $2,966.28. At the hearing, appellees agreed to pay these expenses. Accordingly, these charges are not at issue on appeal.

*Faulkner v. INOVA Fairfax Hosp.*, JCN VA00000495662 (Va. Workers' Comp. Comm'n Nov. 2, 2015).

Following an evidentiary hearing, a deputy commissioner issued an opinion denying the requested payment, relying on the holdings in *Budnick* and *Faulkner* to find that Bockelman "did not have the right to seek payment of medical expenses that were paid by Champus/Tricare." The deputy commissioner also denied Bockelman's request for attorney fees. After the deputy commissioner denied Bockelman's request for reconsideration, Bockelman appealed to the full Commission. In September 2021, the Commission affirmed the deputy commissioner, with Commissioner Marshall dissenting, finding that Bockelman "did not have the right to seek payment of the subject medical expenses that were paid by a third party" because his claim accrued prior to the 2012 amendment to Code § 65.2-714(A) going into effect. This appeal follows.

II. ANALYSIS

A. *Standards of Review*

It is well-established that "[t]he [C]ommission's construction of the Act is entitled to great weight on appeal." *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 301 (2020) (alterations in original) (quoting *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 702 (2012)). However, "[a]s issues of statutory interpretation present questions of law, we examine the Commission's ruling using a *de novo* standard of review." *Id.*

B. *Budnick, Faulkner, and the 2012 amendment to Code § 65.2-714(A)*

In 2012, the General Assembly added the following language to Code § 65.2-714(A): "The Commission shall also retain jurisdiction for employees to pursue payment of charges for medical services notwithstanding that bills or parts of bills for health care services may have been paid by a source other than an employer, workers' compensation carrier, guaranty fund, or

- 3 -

uninsured employer's fund." This language makes clear that the Commission may preside over matters in which a claimant pursues repayment for expenses paid by a third party. Yet the amended language was not yet in effect at the time Bockelman's claim accrued.[3] Accordingly, the Commission applied the law as it existed prior to the amendment taking effect, as articulated in an unpublished opinion of this Court, *Budnick v. Murphy-Brown, LLC*, No. 2025-10-2 (Va. Ct. App. May 10, 2011),[4] and Commission opinion, *Faulkner v. INOVA Fairfax Hosp.*, JCN VA00000495662 (Va. Workers' Comp. Comm'n Nov. 2, 2015).[5]

In *Budnick*, a panel of this Court, relying on *Bogle Dev. Co. v. Buie*, 250 Va. 431 (1995), found that the Commission "did not have jurisdiction to order that employer 'pay' a bill that has been paid in full because 'no right of the claimant' [wa]s involved." *Budnick*, No. 2025-10-2, slip op. at 4. It noted that the claimant "does not contend that the employer owes him any reimbursement for his out-of-pocket medical expenses," that he "has any liability for any outstanding medical expenses," or "that he is in danger of being held responsible for this medical bill because he has no outstanding medical bill [with the provider]." *Id.* at 3. Therefore, like the Court in *Bogle*, the panel concluded that "the [C]ommission did not have authority to exercise its jurisdiction over the disagreement between the Fund and [the third party] 'once [claimant] was reimbursed for his out-of-pocket expenses.'" *Id.* (quoting *Bogle*, 250 Va. at 434).

---

[3] Bockelman's treatment with Sentara took place on January 30, 2012; the amendment to Code § 65.2-714(A) went into effect on July 1, 2012.

[4] "It is well settled that 'unpublished opinions are merely persuasive authority and not binding precedent.'" *Christian v. Commonwealth*, 59 Va. App. 603, 609 (2012) (quoting *Baker v. Commonwealth,* 59 Va. App. 146, 153 n.3 (2011)).

[5] Decisions from the Commission are not binding authority on this Court. *Jackson v. Ceres Marine Terminals, Inc.*, 64 Va. App. 459, 466 n.2 (2015).

The Commission in *Faulkner*, relying on *Budnick* and *Bogle*, found that a claimant whose claim accrued prior to the 2012 amendment had no right to compel an employer to pay bills already paid by a third party, as it was "manifest that the 2012 amendment to Va. Code § 65.2-714 . . . created a new right." *Faulkner*, JCN VA00000495662, slip op. at 6. It agreed with the panel in *Budnick* that "[t]he amendment evinces no retrospective[6] legislative intent." *Id.* Accordingly, the Commission held that, because the claimant's cause of action arose before that amendment went into effect, it was error to "direct[] the defendants to compensate the claimant for medical bills already paid by a third-party insurer." *Id.*

C. *Bockelman had the right to pursue reimbursement for expenses incurred during his treatment with Sentara under the plain terms of the settlement agreement.*

Here, citing *Budnick* and *Faulkner*, the Commission held that Bockelman lacked standing to pursue repayment on behalf of providers and insurers because the 2012 amendment to Code § 65.2-714(A) is inapplicable to his claim.[7] Yet neither *Budnick* nor *Faulkner* included a settlement agreement between the parties.

We find that this case is more analogous to *Northrop Grumman Shipbuilding, Inc. v. Wardell Orthopaedics, P.C.*, 67 Va. App. 420 (2017), in which this Court held that "[p]ursuant to the settlement order, claimant had the right to have his medical expenses that were related to his accident paid by employer." 67 Va. App. at 428. The settlement agreement in *Northrop Grumman* provided: "Employer shall be responsible for medical treatment . . . incurred by the

---

[6] Presumably, the Commission meant "retroactive."

[7] Although Bockelman's assigned errors focus on the Commission finding that it "lacked jurisdiction," the Commission did not expressly make such a finding. Rather, it found that "no right of the claimant [was] involved in this case." *Bockelman v. Millers Landscaping Sprinkler*, JCN VA00000577719 (Va. Workers' Comp. Comm'n Sept. 30, 2021). We assume without deciding that Bockelman's assigned errors nonetheless encompass his arguments on appeal. Rule 5A:20(c).

Claimant through the date of the entry of the Order approving the settlement." *Id.* at 425. The 2012 amendment and the fact that it was not yet in effect did not control the outcome or preclude the Commission from adjudicating the claim because "the [C]ommission had before it a dispute among a medical care provider, an employee, and an employer concerning whether the employer was responsible for payment of [claimant's] medical expenses. Such a dispute falls squarely within the [C]ommission's sole jurisdiction provided for under the Act." *Id.* at 428 (second alteration in original) (quoting *Combustion Eng'g, Inc. v. Lafon*, 22 Va. App. 235, 238-39 (1996)). And the agreement provided mutual benefits to each party: "[b]y the plain terms of the settlement order, claimant agreed to abandon his Virginia Workers' Compensation claim by accepting the financial terms of the settlement, which provided an obvious benefit to employer." *Id.* at 430. Furthermore, "employer is no longer financially responsible for claimant's *future* medical treatments" required after the entry of the settlement order. *Id.*

The Court in *Northrop Grumman* rejected the argument that *Budnick* was applicable or persuasive authority. The case was "readily distinguishable" because in *Budnick* "the Department of Medical Assistance Services ("DMAS"), the Virginia agency that regulates the Commonwealth's Medicaid program, paid $145,764.17 to provider MCV Hospital in a full satisfaction of the claimant's medical bills." *Id.* at 428 n.1.[8] No comparable transaction or agreement occurred in *Northrop Grumman*. In *Budnick*, there was no right of the claimant before the Commission because the bill at issue was one "to MCV Hospital *that MCV Hospital considered had already been paid in full.*" *Id.* The Court in *Northrop Grumman* found that

---

[8] By accepting payment from DMAS, a party agrees that the amount paid represents full satisfaction of the expenses incurred. Code § 32.1-346(D) ("Acceptance of payment for services by a provider under this Program [DMAS/Medicaid] shall constitute payment in full."). This is not applicable to private insurance, nor is there any evidence that any agreement to that effect took place here.

distinct from a situation where "employer was bound *by its own agreement* to accept the financial responsibility for claimant's medical bills for treatments provided by provider prior to the entry of the . . . settlement order." *Id.* at 430.

There are several key parallels between this case and *Northrop Grumman*. First, unlike in *Budnick*, there is no evidence that any partial payments were made pursuant to an agreement or understanding under existing law that those payments represented "full satisfaction" of the outstanding bills. *Id.* at 428 n.1; *see also* Code § 32.1-346(D). Since no analogous statute or provision applies here, the fact that Sentara elected to write off the unpaid amounts here does not have the same legal effect.

Furthermore, as in *Northrop Grumman*, "a claimant's rights were at stake [because p]ursuant to the settlement order, claimant had the right to have his medical expenses that were related to his accident paid by employer." *Northrup Grumman,* 67 Va. App. at 428. The language in the settlement agreement here is even more expansive than the language in *Northrop Grumman*, as it includes "all reasonable, necessary and authorized medical expenses" related to the accident "incurred up to and including the date of entry of the Order in this matter[, February 7, 2013]." There is no question that the expenses at issue here were incurred in the course of treating Bockelman's injury. *See, e.g.*, *Incur*, *Black's Law Dictionary* (11th ed. 2019) ("To suffer or bring on oneself (a liability or expense)."). Bockelman incurred an expense by virtue of having received medical care from Sentara for his compensable injury. Sentara did not receive payment in full for its billings related to that medical care. Those costs were related to Bockelman's accident and were incurred prior to the entry of the settlement order. Accordingly, the settlement agreement controls, and appellees are bound by their agreement to pay related medical expenses incurred in the treatment of Bockelman's injury.

As recognized by the Commission, the primary distinction between *Northrop Grumman* and the case here is that the provider to whom payment was owed (Wardell) was a named party in *Northrop Grumman*, while Sentara is not named here. Nevertheless, this does not diminish or erase Bockelman's right to pursue enforcement of the settlement agreement, which requires payment for "all reasonable, necessary and authorized medical expenses . . . incurred." The unpaid amounts Sentara wrote off were unquestionably medical expenses incurred in the process of treating Bockelman's injury and within the time frame specified in the settlement agreement. Accordingly, Bockelman, as a party to the settlement agreement, had both the right and ability to pursue enforcement of the terms of that agreement.

### D. *Attorney Fees*

Finally, Bockelman requests reimbursement for attorney fees incurred pursuant to Code § 65.2-713.[9] He cites the appellees' agreement to pay the underpaid bills from The Therapy Network as evidence that appellees' defense was "without reasonable grounds." Code § 65.2-713(A). We disagree.

We cannot find that appellees were without reasonable grounds in arguing their defense. That they settled on one portion of Bockelman's claim cannot, by itself, support a finding of unreasonableness. Moreover, such a finding would disincentivize parties from agreeing to settle claims, contrary to the express goals of the Act. *See* Code § 65.2-701(C) ("Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them . . . ."). The fact alone that a panel of this Court is reversing a divided Commission's decision speaks to the reasonableness of each party's position

---

[9] Under this section, "the whole cost of the proceedings, including a reasonable attorney's fee," may be assessed against an employer or insurer who delayed payment, or "brought, prosecuted, or defended" a claim "without reasonable grounds." Code § 65.2-713(A), (B).

throughout the claims and appeal process. Accordingly, the request for attorney fees is denied. *See, e.g.*, *Roanoke Ambulatory Surgery Ctr. v. Bimbo Bakeries USA, Inc.*, 69 Va. App. 675, 684 (2019) (declining to award attorney fees where the "appeal was argued well by both parties" and "involve[d] an issue of first impression").

### III. CONCLUSION

We hold that the Commission erred in finding that Bockelman had no right to pursue payment for expenses incurred in the course of his treatment with a third-party medical provider. As such, we reverse and remand the matter to the Commission for entry of an order consistent with this memorandum opinion.

*Reversed and remanded.*